UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Farley Thomas III,

                    Plaintiff

v.

Systems & Services Technologies, Inc.,

                    Defendant

Case No. 2:25-cv-001945-CDS-MDC

**Order Denying Defendant's Appeal and Affirming the Magistrate Judge's Order**

[ECF Nos. 4, 5]

Pro se plaintiff Farley Thomas III brings this lawsuit against Systems & Services Technologies, Inc., alleging violations of the Fair Credit Reporting Act. Thomas appeals U.S. Magistrate Judge Maximiliano D. Couvillier III's December 17, 2025 order denying his application to proceed *in forma pauperis* (IFP) and instructing him to submit a long form application curing certain deficiencies and inconsistences. Obj., ECF No. 5. In the objection, Thomas argues that he qualifies for a fee waiver given that his household income is below the federal poverty guidelines and is experiencing extreme financial hardship. *Id.* Thomas does not argue that any specific mistake was made; rather, he simply addresses Judge Couvillier's findings.[1] After reviewing the IFP application, Judge Couvillier's order, and Thomas's objection, I deny Thomas's appeal and affirm the magistrate judge's ruling in its entirety.

**I.      Legal standard**

Magistrate judges may "hear and determine any pretrial matter pending before the court," with some exceptions, and "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been

---

[1] Although Thomas purports to "object" to Judge Couvillier's order, it appears instead to be an effort to "cure the deficiencies" identified therein. *See generally* ECF No. 5. It is also noted that, shortly after filing his objection, Thomas filed a long form application. ECF No. 6. That application will be addressed in due course.

committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "And '[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted). "Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to *de novo* determination[.]" *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981)). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Id.* Under this district's local rules, a party may appeal a magistrate judge's ruling on a pretrial matter by filing written objections, and the opposing party may respond. LR IB 3-1(a); Fed. R. Civ. P. 72(a). And "[t]he district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." LR IB 3-1(b).

## II.       Discussion

Thomas appeals the denial of his application to proceed *in forma pauperis*. ECF No. 5. Judge Couvillier found that he could not determine Thomas's pauperis status because the application contained deficiencies. ECF No. 4 at 2–3. Specifically, the magistrate judge explained that (1) it was unclear how often Thomas's wife contributes $500 toward the rent, (2) Thomas did not provide the amount of money in his checking or savings account, and (3) Thomas failed to correctly indicate how much he contributes to the support of his minor children. *Id.*

Thomas argues that he believed his response regarding his wife's $500 contribution toward the rent "was self explanatory" because rent is due monthly, not weekly. ECF No. 5 at 1. However, Thomas further asserts that he is no longer receiving any income from his wife. *Id.* In support of these contentions, Thomas provides a copy of a ledger documenting monthly deposits into a checking account from March 2025 through October 2025. *Id.* at 2. Second, Thomas provides a screenshot of a bank statement showing the balance of his account at the time of

filing the IFP application. *Id.* at 3. Finally, Thomas explains that he reported his contributions to his dependents as percentages because he did not know the exact dollar amounts. In support, he provided a chart purporting to show his average monthly grocery expenditures. *Id.* at 4. But none of these arguments demonstrate that Judge Couvillier's order was clearly erroneous or contrary to law. *Id.*

Indeed, a review of Thomas's application shows that he failed to disclose the amount of money in his checking or savings account and failed to correctly state the amount he contributes to the support of his minor children. Thomas identifies no specific error in Judge Couvillier's order and offers no argument demonstrating that the decision was clearly erroneous or contrary to law. Nor do I find any basis to conclude that it was. I therefore overrule Thomas's objection, and affirm Judge Couvillier's December 17, 2025 order.

III.     Conclusion

It is hereby ordered that Thomas's objection/appeal **[ECF No. 5] is OVERRULED**; therefore, Judge Couvillier's order **[ECF No. 4] is AFFIRMED in its entirety**.

Dated: June 9, 2026

_____
Cristina D. Silva
United States District Judge

3